ELIZABETH FLANAGAN *v.* B. F. THURMAN.

**Husband and Wife—Personal Property of Wife Belongs to Husband.**
>    The personal property of the wife belongs to the husband and is free from her control so long as the relation of husband and wife continue.

**Wife's Separate Estate—Pleadings.**
>    It being not alleged that the money which the wife professes to have invested in the property in controversy was her separate estate nor by what authority she held it free from the rights and control of her husband, she had no rights to the proceeds.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 9, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

It is not alleged nor shown in the record by any evidence whatever that appellant had any separate estate, and whether she received the money which she alleges was paid for the improvements put on the leasehold estate and per the lease, by gift, by

inheritance, or per her services it belonged to her husband. He has a right to her personal property so long as the relation of husband and wife continues.

Waiving, therefore, the consideration of the question whether appellant could make any valid contract with her husband by which she could become the owner of property which was his, she certainly could not invest money not held to her separate use, and which in law was his, in other property and hold it in her own right.independent of him, or his creditors.

As, therefore, appellant did not allege that the money which she professes to have invested in the property in controversy was her separate estate, nor by what authority she held it, and could dispose of it independent of, and free from the right, and control of her husband, she showed no right to its proceeds.

None of the witnesses whose depositions were rejected explain by what appellant got the money with which said improvements were made, except that some of them say the tenants in said improvements paid their rent in advance. But all they say may be admitted, and still the money might be the husband's.

Their rejection was not prejudicial, therefore, to appellant. Wherefore, the judgment must be *affirmed*.

*Riley, for appellant.*

*Stirman, for appellee.*

